■ NEW YORK HIGHER EDUCATION ASSISTANCE CORPORATION, Appellant, v. LEONARD E. WOODS, Respondent.— Appeal from an order of the Supreme Court at Special Term, entered October 30, 1972 in Albany County, which denied plaintiff's motion for summary judgment and granted summary judgment to defendant, dismissing the complaint. This is an action brought to recover $755.61, with interest, on a promissory note executed by defendant and guaranteed by plaintiff pursuant to article 14 of the Education Law. Plaintiff moved pursuant to CPLR 3212 for summary judgment. Special Term denied the motion and granted summary judgment to defendant. The note in question was executed for a loan to be used by defendant for his studies at Western Michigan University. Defendant later withdrew from the university for health reasons. He subsequently enrolled at Michigan State University where he continued to pursue his course of study. In urging summary judgment plaintiff contends, among other things, that once defendant interrupted his college studies and defaulted on the note it became due and payable immediately. Defendant maintains that a temporary interruption of his college program for health reasons is not a termination contemplated by subdivision 1 of former section 653-b of the Education Law (renumbered § 653-c, L. 1973, ch. 883, § 3), the pertinent part of which provides: "The terms and conditions of any loan made or guaranteed by the corporation shall not require the borrower thereof to commence the repayment of his loan earlier than nine months following his completion or other termination of his college or vocational institution program." There is no reference in the note in question to the fact that repayments shall commence with an interruption of the college program. A note executed by a student or prospective student must be read in conjunction with the statute. (*Dolman* v. *United States Trust Co. of N. Y.,* 2 N Y 2d 110, 116.) It is true the section provides for repayment upon completion or other termination of the college program. The purpose of the legislation, however, is to improve higher educational opportunities of persons who are attending or planning to attend colleges, by lending funds to such persons to assist them in meeting the expenses of such higher education. (Education Law, § 651.) To compel a needy student to commence payments on a note while he is still pursuing his education would defeat the intent and purpose of the statute. We conclude that where a student contemplates a continued pursuit of his studies and is interrupted through no fault of his own by illness, this does not constitute "other termination", as specified in the statute. A reading of the instant record demonstrates that defendant never abandoned his intention to continue his studies. This is substantiated by the fact that he ultimately completed them. Since defendant had not completed his education at the time of the alleged default, or terminated such program as contemplated by the statute, he was not obligated to commence repayment of the note at that time. Consequently, Special Term

properly denied plaintiff's motion and granted summary judgment to defendant. Judgment affirmed, with costs. Greenblott, Sweeney and Reynolds, JJ., concur; Staley, Jr., J. P., and Kane, J., dissent and vote to reverse in the following memorandum by Kane, J. Kane, J. (dissenting). Summary judgment should be granted to the plaintiff. Defendant was in default under the terms of the note which he had executed pursuant to an agreement to defer the payment of the balance due on his original educational loan at another university. When he changed educational institutions the second time, that particular college program was "terminated" (Education Law, § 653-b, subd. 1, as renumbered by L. 1973, ch. 883, § 3). Application should have been made to the lending institution for refinancing or further deferment, but failure to comply with the terms and conditions of the note in question authorized plaintiff to compel payment.